UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

PIYUSHKUMAR GANDALAL PATEL,

                Petitioner,

v.

WILLIAM BARR,
*Attorney General of the United States,* WARDEN STEWART DETENTION CENTER, SECRETARY OF HOMELAND SECURITY, and FIELD OFFICE DIRECTOR,

                Respondent.

-----------------------------------------------------------------

**TRANSFER ORDER**
20-CV-4968 (MKB)

MARGO K. BRODIE, United States District Judge:

Petitioner Piyushkumar Gandalal Patel, proceeding *pro se* and currently detained at Stewart Detention Center located in Lumpkin, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 7, 2020, seeking immediate release from the custody of Immigration and Customs Enforcement.[1] (Pet., Docket Entry No. 1.)

A petition for habeas corpus "may be filed in the district court for the district wherein such person is in custody." 28 U.S.C. § 2241(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a [section] 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

---

[1] Petitioner paid the filing fee to commence this action. (*See* Filing Fee Receipt, Docket Entry No. 5.)

Petitioner is confined in Stewart County, Georgia, and his immediate custodian is the warden of the Stewart Detention Center, located in the Middle District of Georgia. *See* 28 U.S.C. § 90(b) (Stewart County is located in the Columbus Division of the Middle District of Georgia); 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought"). Because the Court does not have jurisdiction over Petitioner, the Court transfers this action to the United States District Court for the Middle District of Georgia.

Accordingly, the Court directs the Clerk of Court to transfer this petition to the Middle District of Georgia. The Court waives the provision of Local Rule 83.1 which requires a seven-day stay. No summons shall issue from this Court. The Clerk of Court is directed to mail a copy of this Order to Petitioner at the address of record.

Dated: Brooklyn, New York
      December 7, 2020

SO ORDERED:

          s/ MKB
MARGO K. BRODIE
United States District Judge